IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

CHARLOTTE ABDULLAH,

    Plaintiff,

v.

OCWEN LOAN SERVICING, LLC,

    Defendant.

Civil Action File
No. 5:12-cv-00369-CAR

## OCWEN LOAN SERVICING, LLC'S
## FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF

COMES NOW Defendant Ocwen Loan Servicing, LLC ("Ocwen"), and requests, pursuant to Fed. R. Civ. P. Rule 36(a), that Plaintiff Charlotte Abdullah ("Plaintiff") admits the matters set forth below, or denies same in writing, within thirty (30) days, as required by the Federal Rules of Civil Procedure, and serve copies of her responses within such time period to Ocwen's Counsel, Jonathan Green, at the offices of Baker, Donelson, Bearman, Caldwell and Berkowitz, P.C., Monarch Plaza, Suite 1600, 3414 Peachtree Road, Atlanta, Georgia 30326.

## DEFINITIONS AND INSTRUCTIONS

A.    When used herein, the terms "**Charlotte Abdullah**," "**Abdullah**," "**Plaintiff**," and "**you**" shall mean the Plaintiff in this action.

- 1 -

B.     "**Person**" means any person and includes natural persons, private and public corporations, partnerships, associations, joint ventures, sole proprietorships, firms, and any other business enterprise or entity of any description whatsoever.

C.     "**Document**" means the embodiment, in any form, of any attempt, by any means, to utilize, memorialize or communicate thoughts or information. As such, it includes, but is not limited to, the original and all copies regardless of origin or location, of any paper, pamphlet, periodical, letter, memorandum, telegram, telex, e-mail, facsimile, cable, other correspondence, report, record, study, note, diary, calendar, working paper, chart, book, graph, index, tape, data sheet or data processing card, floppy disk, computer hard drive, printed circuit, check, money order, time sheet, ledger, bill, invoice, computation, schedule, contract, analysis, summary, instruction, computer memory bank, brief, pleading, or other litigation paper, or any accounting draft or preliminary draft or copy of any of the foregoing, as well as any other tangible thing on which thoughts or information is recorded in writing, sound, pictures, punches, circuits, programs, including supporting, underlying, or preparatory material, however produced or reproduced, to which you have or have had access or which may be in your possession, custody, or control.

D.    "**Communication**" means any oral statement, dialogue, colloquy, discussion or conversation, and also any transfer of thoughts or ideas between persons by means of documents, and includes any transfer of data from one location to another by electronic or similar means.

E.    The term "**Subject Property**" shall refer to the real property located at 112 Town Creek Road, Eatonton, Georgia 31024.

F.    The term "**Subject Loan**" shall refer to the loan secured by the property that is at issue in this lawsuit.

## REQUESTS

1.

Admit that you have taken out a mortgage on the property commonly known as Lot 157 Town Creek Road, Eatonton, Georgia 31024.

2.

Admit that you have not paid all amounts due and owing under the security deed securing the repayment of the Subject Loan.

3.

Admit that Litton Loan Servicing ("Litton") serviced your loan up until November 11, 2011, at which point Ocwen became the servicer of the loan.

4.

Admit that  you received written communications from Ocwen in November of 2011, after the servicing was transferred from Litton Loan Servicing to Ocwen, verifying the Subject Loan and notifying you that Ocwen was now the servicer.

5.

Admit that you have no evidence demonstrating that Ocwen received the letter you claim to have sent on March 15, 2012.

6.

Admit that all calls received from Ocwen were made by a natural person and were not automated recordings or placed by an automatic call system and that you have no evidence to the contrary.

7.

Admit that the telephone recordings and phone calls concerned the request for payment of a debt and provided meaningful disclosures as to the purpose of its telephone communication.

8.

Admit that Ocwen, or its representatives, were polite and non-threatening in all telephone conversations.

9.

Admit that prior to the telephone calls at issue, you granted Ocwen authority to call you at the telephone number used by Ocwen.

10.

Admit that you suffered no injury as a result of any conduct by Ocwen.

11.

Admit that Ocwen had an established business relationship with you when it made each of the telephone calls at issue in this lawsuit.

12.

Admit that Ocwen complied with all requirements of the Fair Debt Collection Practices Act.

13.

Admit that Ocwen complied with all requirements of the Telephone Consumer Protection Act.

14.

Admit that the telephone calls made by Ocwen were not such that the natural consequence of them was to harass, annoy or abuse.

15.

Admit that Ocwen did not act with the intent to annoy, abuse or harass you.

Submitted this 8th day of October, 2013.

Linda S. Finley, Esq.
Georgia Bar No. 261515
Jonathan E. Green, Esq.
Georgia Bar No. 307053
Dylan Howard
Georgia Bar No. 370267
*Attorneys for Defendant*

**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ, PC**
Suite 1600, Monarch Plaza
3414 Peachtree Rd. NE
Atlanta, Georgia 30326
Phone: 404-577-6000
FaxL: 404-221-6501
Email: dhoward@bakerdonelson.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing

**DEFENDANT'S FIRST REQUEST FOR ADMISSIONS** has been sent via

USPS, first-class mail, postage pre-paid, in a properly-addressed envelope, to:

Charlotte Abdullah, pro se
112 Town Creek Road
Eatonton, Georgia 31024

Dylan Howard
Georgia Bar No. 370267
*Attorney for Defendant*

**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ, PC**
Suite 1600, Monarch Plaza
3414 Peachtree Rd. NE
Atlanta, Georgia 30326
Phone: 404-577-6000
Fax: 404-221-6501
Email: dhoward@bakerdonelson.com

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

CHARLOTTE ABDULLAH

Plaintiff

vs.                                          Civil Action No. 5:12-CV-369 CAR

OCWEN LOAN SERVICING, LLC

Defendant

---

## PLAINTIFF'S ANSWERS
## TO REQUEST FOR ADMISSIONS

1. Plaintiff took out mortgage on a 2000 skyline mobile home  model  9506 only

2. I did not pay any money to Ocwen because they are  debt  collectors and have not produced original note

3. I was paying Litton up until around May of  2011,   Litton did not produce original note;  and started increasing my payments,  Litton also debt collectors

4. I did not receive written communication from Ocwen  showing transfer

5. I sent  3 certified letters to Ocwen requesting not to call; March 2012, September 7 and  September 27,  2012 and one to their previous attorney  Weissman Nowack, Curry &  Wilco P.C

6 I received over 50 calls but was only able to record and log  57 and sent copy to court  clerk ,and attorney ; all calls were automated repeating same message around same time everyday
 no conversation with Ocwen

7. The calls said Hello, this call is from Ocwen Loan Servicing, please give us a call back at 1-800-746-2936, thank you and have a nice day; (there  was no conversation with Ocwen).

8.   The calls were the same did not speak to Ocwen.

9.  Did not know who Ocwen was never authorize any calls or gave permission to call

10.  Having difficulty walking I have fallen trying to get to phone, also have bladder problem;  get very little sleep at night;  then to have phone calls early in the morning disturbing my sleep, I also  have veritgo being startle caused an attack to happen.  Ocwen filed  forecloser on me, caused credit being denied.  I had to file  bankruptcy; constants and annoying calls cause unnecessay anxiety.

11.  Never had any business relationship with Ocwen, didn't know who Ocwen was.

12..Ocwen did not comply with FDCPA  by continuely ring my phone, after notification not to call,  knowing  and willfully Ocwen kept calling.

13. Ocwen did not comply with TCPA by  calling over 57 time using automatic dailing

14. Ocwen calls were annoying, harassing and abusive , you don't call someone over 57 times and claim it wasn't willful

15.  Ocwen did annoy, harass, and abuse  a  violation of consumers rights

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing  **PLAINTIFF'S ANSWERS TO REQUEST FOR ADMISSIONS**

was mailed/delivered to Dylan Howard on October 21, 2013

Dylan Howard
Georgia Bar No. 370267
Attorney for Defendant

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
3414 Peachtree Road NE
Atlanta, Georgia 30326
Phone: (404) 577-6000
Fax: (404) 221-6501
astulce@bakerdonelson.com

Charlotte Abdullah, pro se
112 Town Creek Road
Eatonton, Georgia 31024
E-mail--charlotteabdullah@gmail.com